(Decided 11th June, 1875.)

---

Amanda J. Miller *vs.* Wm. Miller and Geo. W. Miller, Trustees.

*Construction of a deed—Money treated as Real property—Dower.*

J. M. and wife conveyed certain real property to trustees to be sold and the proceeds to be applied to the payment of his debts. The deed contained the following clause: "And the balance of the estate hereby conveyed, or the proceeds thereof, to convey or pay over to said J. M. his heirs and assigns. The right of said A. M., his wife, to be the same in said balance as if this deed had not been made." Part of the land had been sold, the debts had been paid and a surplus remained in the hands of the trustees, when J. M. died intestate. HELD:

That the wife was entitled to an allowance from the surplus in lieu of dower, and not to a third of the surplus under the statute of distributions.

APPEAL from the Circuit Court for Carroll County, in Equity.

The present appeal was taken from the order of the Circuit Court overruling the exceptions of the appellant to the auditor's report and account. The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*E. F. Crout,* for the appellant.

The trust was completed in the life-time of John Miller, and the surplus was personalty. By a proper interpretation of the clause in the deed, the term "balance" applied only to the real property remaining unsold in the hands of the trustees. *Leadenham vs. Nicholson,* 1 *H. & G.,* 267 ; *State vs. Krebs,* 6 *H. & J.,* 31.

No appearance for the appellee.

ROBINSON, J., delivered the opinion of the Court.

John Miller and Amanda, his wife, conveyed certain real estate to William and George W. Miller, in trust, to sell the same or so much thereof as might be necessary, and apply the proceeds arising from said sales to the payment of debts due by the grantor. Part of the real estate thus conveyed was sold by the trustees, and there remains in their hands, after the payment of the grantor's debts, a surplus of $3,426 78. John Miller, the grantor, died before the completion of the trust, and the auditor, in stating the account, allowed the appellant, in lieu of her dower, the one-eighth of said surplus, being the amount to which she would have been entitled if the

land had been sold under a decree of the Court free of dower. To this allowance the appellant excepted, and contends that the surplus remaining in the hands of the trustees is to be treated as personalty, and that her husband having died intestate, she is entitled, under the statute of distribution to the one-third.

The determination of this question depends upon the construction of the following clause in the deed of trust: " And the balance of the estate hereby conveyed, or the proceeds thereof, to convey or pay over to said John Miller, his heirs and assigns. The rights of Amanda J. Miller, his wife, to be the same in said balance as if this deed had not been made."

The rights of the appellant, both in the real estate unsold by the trustees, and in the surplus remaining in their hands after the payment of the grantor's debts, are thus expressly defined by the deed. In and to each her rights remain the same as if the deed had not been made. This, of course, could not be, unless the surplus be considered as real estate. If it be treated as personal estate, the rights of the appellant would not be the same as if the deed had not been executed. For these reasons the order below will be affirmed.

*Order affirmed,*
*and cause remanded.*

(Decided 11th June, 1875.)